IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| INDEPLUS GROUP OF COMPANIES, INC. d/b/a INDEPENDENT CARE HOME HEALTH AGENCY, a Texas Corporation, individually and On Behalf Of All Others Similarly Situated, as well as on Behalf of the General Public and Acting on the Public Interest, | § § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:10-CV-0557-O** |
| KATHLEES SEBELIUS, Secretary, UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES, in her official capacity, et al., | § § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER OF DISMISSAL**

Before the Court is Plaintiff's Motion for Temporary Restraining Order (Doc. #6) and Defendant's Motion to Dismiss (Doc. #10). Plaintiff, Indeplus Group of Companies, Inc., seeks a temporary restraining order ("TRO") ordering the Defendant, Kathleen Sebelius, Secretary, United States Department of Health and Human Services, to reinstate Plaintiff to active payment status and lift the suspension of payments to Plaintiff for the home healthcare services it provides to homebound Medicare beneficiaries. Defendant opposes this motion and seeks to have the case dismissed for lack of subject-matter jurisdiction because the Plaintiff has failed to exhaust its administrative remedies as provided by the relevant Medicare statutes and regulations. After reviewing the evidence, the arguments of the parties, and the applicable law, the Court finds that the Plaintiff's motion should be denied, the Defendant's motion granted, and the case dismissed for lack

of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

Plaintiff is a home health agency that provides services to eligible Medicare beneficiaries for which it receives payment under the Medicare Part A program. Plaintiff's patients are referred by physicians who have determined that they are "homebound" and eligible to receive home health services. Many of these patients are also diabetic and their physician has determined that they are unable to self-inject their insulin. Recently, the Defendant, through a contractor, completed an audit of a sample group of the Plaintiff's patients. The auditors notified the Plaintiff that they disputed the "homebound" status of certain of the Plaintiff's patients and immediately suspended all Medicare payments to the Plaintiff. According to Plaintiff, its financial viability is almost entirely dependent on Medicare payments and if the suspension continues Plaintiff will be forced to close its doors, terminate its employees, and cease caring for its patients who will have to be transferred to another provider. For these reasons, Plaintiff moves to enjoin the Defendant's allegedly improper suspension of its Medicare payments. Specifically, Plaintiff seeks an order commanding Defendant to reinstate Plaintiff to active payment status thereby lifting the suspension of Medicare payments to Plaintiff and issue a notice of overpayment. Plaintiff alleges that the suspension of payments is imposed in order to deny Plaintiff recourse to the administrative appeal process and the right to contest an alleged overpayment that has yet to be noticed. Plaintiff also alleges that the suspension is being imposed for an improper purpose, in pursuit of a "clandestine policy" to force some home health agencies who depend on Medicare payments to close their doors.

The Defendant argues that Plaintiff's motion for a TRO should be denied and the entire case dismissed because the Court lacks subject-matter jurisdiction over the controversy. According to Defendant, the Plaintiff has failed to exhaust the administrative appeals process provided by the Medicare Act. *See* 42 U.S.C. §§ 1395ff(b), 1395ii. Defendant asserts that until such time as the

Plaintiff has exhausted this administrative appeals process the Court will lack jurisdiction over the controversy. *See* 42 U.S.C. §§ 405(h), 1395ii. Since there has not even been an initial determination of an overpayment to the Plaintiff, Defendant contends that Plaintiff has failed to exhaust or even begin the administrative appeals process.

Courts within the Fifth Circuit have traditionally required a party seeking issuance of a temporary restraining order to establish four elements: (1) a substantial likelihood of success on the merits of the case, (2) a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted, (3) the threatened injury to the movant outweighs any possible harm to the non-movant, and (4) granting the injunction will not disserve the public interest. *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009). However, since federal courts are not courts of general, but limited jurisdiction, it is incumbent upon the Court to address whether the case falls within the subject-matter jurisdiction of the federal courts. *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). It is settled that jurisdiction under the Social Security Act to review decisions of the Commissioner of Social Security is limited to that review provided for in 42 U.S.C. § 405. And section 405(h) specifically excepts 28 U.S.C. § 1331 as a basis for jurisdiction for actions arising under the Social Security Act. Section 405(h) has been incorporated into the Medicare Act by reference. *See* 42 U.S.C. § 1395ii. Thus, section 1395ii mandates that disputes arising under the Medicare Act be channeled into the administrative proceedings provided for under the Act, primarily in section 1395ff. Therefore, most, if not all, Medicare claims must be channeled through the review process provided by the Medicare Act. *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 9-10 (2000).

Regulations promulgated by the United States Department of Health and Human Services under the authority of the Medicare Act prescribe the method by which CMS or its contractor may

suspend Medicare payments to a provider. *See* 42 C.F.R. §§ 405.371-376. Section 405.371(a)(1) permits suspension of payments to providers if CMS "possesses reliable information that an overpayment or fraud or willful misrepresentation exists[.]" Moreover, section 405.372(a)(3-4) provides that payments may be suspended without prior notice to the provider when harm to Medicare Trust Funds may result from prior notice or when fraud or misrepresentation is suspected. When payments to a provider are suspended without notice the provider may file a rebuttal statement as to why the suspension should be removed. 42 C.F.R. § 405.372(b)(2). If a rebuttal statement is filed by the provider, CMS must, within 15 days from the date the statement is received, consider the statement along with any other relevant material, and determine whether the facts justify the termination of the suspension. 42 C.F.R. § 405.375(a). CMS must then notify the provider of this determination and the notification must contain specific findings on the conditions upon which the suspension is continued and an explanation of the determination. 42 C.F.R. § 405.375(b)(2). In any case, the suspension may not last beyond 180 days and at the end of this period, or sooner, CMS must determine whether to lift the suspension, provide notice of overpayment, or seek to continue the suspension for limited reasons. 42 C.F.R. § 405.372(d). Therefore, not only does the Medicare Act strictly limit judicial review of Medicare determinations, but the Act also provides a comprehensive framework through which any disagreement with a determination must be channeled.

The Supreme Court's opinion in *Illinois Council* controls the outcome of this matter. In that case the Court reaffirmed that where both the standing and substantive basis for a claim is the Medicare Act, including claims for benefits, then section 405(h) required that all aspects of such claim be channeled through the administrative process provided by the Act. *Illinois Council*, 529 U.S. at 12. Moreover, according to the Court, the bar of section 405(h) reaches even beyond the doctrines of "ripeness" and "exhaustion of administrative remedies" and the exceptions to those

doctrines. *Id*. at 12-13. The *Illinois Council* Court pointed to the case of *Mathews v. Eldridge*, 424 U.S. 319 (1991), noting that only where a party follows the special review procedures established by the statutes yet is denied due process, in that case predetermination hearing before the termination of Social Security benefits, may the court require the agency to excuse some (but not all) of the procedural steps normally required. *Illinois Council*, 529 U.S. at 14-15. In this case, the Plaintiff presents no evidence of facts that would bring it within the *Mathews* exception.

Plaintiff essentially complains that the suspension of payments is extremely damaging to Plaintiff and will result in Plaintiff's being forced to go out of business due to its dependence on Medicare payments for revenue. The Court is sympathetic to Plaintiff's situation. However, as stated by the Court in *Illinois Council*, "insofar as § 405(h) . . . demands the 'channeling' of virtually all legal attacks through [CMS], it assures [CMS] greater opportunity to apply, interpret, or revise policies, regulations, or statutes without possibly premature interference by different individual courts applying 'ripeness' and 'exhaustion' exceptions case by case. But this assurance comes at a price, namely, occasional individual, delay-related hardship." 529 U.S. at 13. Whether or not such delay may seem justified, it was nonetheless the judgment of Congress. *See id*. While the Plaintiff may suffer hardship as a result of this suspension, even such a severe hardship as closing its doors and transferring its patients, such difficulties must have been contemplated by Congress and are the necessary result of the statutory scheme under the Medicare Act when a provider depends on Medicare payments as its primary source of income. Such results are indeed unfortunate, but this Court is without the power to intervene in the agency's internal process for such disputes.

The Court finds that since the Plaintiffs have yet to proceed through the administrative appeals process provided by the Medicare Act their complaint in this Court is premature and the Court is without subject-matter jurisdiction to hear it. Therefore, the Plaintiff's Motion for

Temporary Restraining Order should be and is hereby **DENIED**. Moreover, since the Court lacks subject-matter jurisdiction over the case as a whole, the Defendants Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) must be and is hereby **GRANTED** and the case is **DISMISSED**, without prejudice.

    **SO ORDERED**, on this **7th** day of **April, 2010.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**